ESTATE OF WIEHE: EDWARD HINES LUMBER COMPANY, Appellant, vs. WIEHE, Executrix, Respondent. [Two appeals.]

*May 12—July 1, 1926.*

*Corporations: Officer dealing with corporate property: Acting as trustee for benefit of corporation: Claim against estate of trustee for accounting: Burden of proof as to creditors: Fees of trustee: Extra compensation: Sale of trust property: Good faith: Negligence: Interest.*

1. An agent, though an officer of a corporation, cannot deal with his principal's business to his own profit or advantage. p. 630.
2. The fee of a trustee of property who was an officer of the corporation which had a lien on it, and who handled the trust within the scope of his duties as such officer, belongs to the corporation. p. 630.
3. The trustee is entitled to reimbursement for necessary expenses incurred in litigation respecting the subject matter of the trust, but he need not retain attorneys in the regular employ of the corporation. p. 630.
4. Where the corporation advanced funds for the management of the trust, and upon the death of the trustee filed a claim for moneys received by the trustee for its benefit, the estate of the trustee had the burden of showing that a certain payment alleged to have been made by the trustee in the man-

agement of the trust was made from his personal funds. p. 631.

5. The refusal of the county court to open proceedings against the estate of the trustee for an accounting in respect to taxes on the trust property which quite conclusively appeared to have been paid by the corporation, is *held* to have been an abuse of discretion, though the claimant's attorneys had stipulated as to the amount of the taxes. p. 631.

6. The claimant did not have the burden of establishing that the trustee did not pay the taxes, as the trustee, to receive credit, must show that he did. p. 631.

7. The trustee having received additional fees for extra services should be charged with that amount and credited with the amount of the actual necessary expenses of transacting the trust business. pp. 631, 632.

8. The mere fact that the property sold by the trustee, after being repaired and under new conditions, sold for a larger amount than was procured at the first sale, is not proof of negligence of the trustee in making the sale, there being no claim that the trustee did not sell in good faith for the best price he could then obtain. p. 632.

9. The estate of the deceased trustee is chargeable with interest on the amount found due from the date of the receipt of the moneys by the trustee, and not from a subsequent date when the trustee procured interest-bearing certificates. p. 633.

Two APPEALS: first, an appeal from a judgment of the county court of Bayfield county: H. P. AXELBERG, Judge; second, an appeal from an order entered April 29, 1925, of the county court of Bayfield county: H. P. AXELBERG, Judge. *Reversed in part; affirmed in part, with directions.*

Christian F. Wiehe died April 30, 1924. For many years prior to April 28, 1923, he had been secretary and director of the plaintiff, *Edward Hines Lumber Company,* hereinafter called the claimant. Claimant's claim grows out of Wiehe's handling of the Lorrington Apartments situated in Evanston, Illinois, to which he acquired title as the agent of the *Edward Hines Lumber Company* and for its use and benefit.

The Lorrington Apartments were built for a student boarding and rooming house in 1913. In January, 1917,

Irene Sparling owned the property. She and her husband were hard pressed financially and had failed to make a success of the building, running it as a dormitory. In January, 1917, the property was subject to a first mortgage to the Chicago Title & Trust Company for $25,000; to a second mortgage to Isador Sabath for $8,500; and also to a lien claim of the *Edward Hines Lumber Company* for materials used in the building to the amount of $13,640.40. On January 20, 1917, Irene Sparling conveyed the property to Wiehe by a conveyance absolute on its face, but in fact a mortgage, to secure the money due to the *Edward Hines Lumber Company.* Some time thereafter Wiehe signed and placed in the files of the *Edward Hines Lumber Company* the following declaration of trust:

"Know all men by these presents: That I, C. F. Wiehe, in consideration of a certain trust agreement dated January 20, 1917, hereby acknowledge and declare that I am possessed of lot twelve (12) and the south sixteen (16) feet of lot thirteen (13) in block eighty-three (83) in the Northwestern subdivision of part of section seven (7) and eighteen (18), township forty-one (41) north, range fourteen (14) east of the 2d P. M. in Cook county, Illinois, in trust until May, 1923, for Irene Sparling, subject to a mortgage of thirty-three thousand five hundred dollars ($33,500), and that after May, 1923, said premises are to be sold by me, and out of the proceeds of said sale, after paying all charges against said property, including a fee of ten per cent. on all gross amounts collected, to C. F. Wiehe, to pay to *Edward Hines Lumber Company* the sum of thirteen thousand six hundred and forty and 60-100 dollars ($13,640.60), with interest at six per cent. per annum from January, 1917. Any balance acquired after said payments and payment of all charges shall be turned over to Irene Sparling.

"I hereby agree to make all of said payments above when the money is acquired by me.

"In witness whereof I have set my hand and seal this 24th day of January, 1917.

"C. F. Wiehe.    (Seal)"

Estate of Wiehe, 190 Wis. 622.

None of the other officers or directors of the *Edward Hines Lumber Company* had any knowledge of the declaration of trust until 1922 when a settlement was being made between Wiehe and the company of all matters of difference between them. The trust agreement referred to in the declaration of trust has never been produced.

In January, 1917, the second mortgage of $8,500 was being foreclosed and the property was sold at a foreclosure sale February 24, 1917, the master's certificate for deed being taken by Isador Sabath. On April 17, 1917, Isador Sabath made an agreement to deliver the master's certificate for deed of the premises to Mr. Wiehe, together with the written agreement of the holders of the notes secured by the first mortgage of $25,000, extending the maturity of the first three notes of $2,500 each to June 1, 1918, in consideration of Mr. Wiehe's agreement to deliver to Isador Sabath a note for $6,500 secured by a mortgage on the property, payable fifteen months after April 17, 1917. This amounted to a refinancing of the Sabath mortgage of $8,500, which had been reduced to $6,500. This agreement was carried out, and on July 25, 1918, the claimant paid to Sabath the principal and interest due on said $6,500 note and mortgage. Mr. Wiehe handled the property until its sale November 1, 1923, but had not accounted therefor to the *Edward Hines Lumber Company* or to Irene Sparling or her assignee, Jonas O. Hoover, prior to December 24, 1923, when he suffered a stroke of paralysis from which he died April 30, 1924.

The *Edward Hines Lumber Company* advanced the funds necessary to put the building in tenantable condition and to pay the amount due on the foreclosure of the second mortgage, thus advancing the amount of $38,083.30, which with interest to April 14, 1925, the date of the trial, amounted to $56,103.13.

On April 28, 1923, Mr. Wiehe resigned as director and secretary of the *Edward Hines Lumber Company*, sold all

of his stock in the company, made an agreement of settlement in which it was recited that he held title to the Lorrington Apartments property under a trust agreement providing for its sale in May, 1923. Under the settlement agreement Wiehe was to furnish the company with a copy of the trust agreement under which he held the property and to give the company notice of the sale thereof so that it might protect its interests, and after such sale to account to the company and to pay whatever sum might be due it. On August 1, 1923, Mr. Wiehe contracted to sell the property to Franklin N. Reed for $60,000, which sale was completed November 7, 1923, but no notice was given either to the claimant or to Irene Sparling. In December, 1923, Irene Sparling commenced an action in the circuit court for Cook county, Illinois, against Mr. Wiehe and the claimant for an accounting, in which action Mr. Wiehe and the claimant filed separate answers.

Mr. Wiehe died testate, his will was filed on May 12, 1924, and on June 21, 1924, *Florence E. Wiehe* was appointed executrix. The claimant filed its verified claim September 19, 1924, claiming net rentals collected from the Lorrington Apartments to the amount of $22,763.71, and net proceeds received on the sale of the property to the amount of $37,930.60, together with interest thereon from the date of the receipt of each item of rent and from November 1, 1923, as regards the net proceeds of sale. Thereafter Jonas O. Hoover and Irene Sparling were made parties to the proceeding and their claim was accordingly filed for the net amount of $103,936.28. Objections to the claim of the claimant and to the claims of Hoover and Sparling were filed. An answer was filed in which it was admitted there was due the claimant $32,222.95, and it was claimed that Irene Sparling and Jonas O. Hoover had no interest therein.

On April 11, 1925, the claim of Irene Sparling and Jonas O. Hoover was assigned to the claimant, and by stip-

ulation the claimant was substituted in place of Jonas O. Hoover and Irene Sparling. On April 4, 1925, the claimant and the executrix entered into a stipulation by which it was agreed that the gross rentals chargeable to Mr. Wiehe to and including October, 1923, amounted to $47,183.25; that the total disbursements amounted to $24,354.79; that for the month of October, 1923, there was a deficiency of $220.31, so that the net amount of rentals received by Wiehe was $22,828.46; that Mr. Wiehe received as the net proceeds of the sale of the property for $60,000 the sum of $38,930.60, making the total net amount received by him from rentals and from the proceeds of the sale of the property the sum of $61,759.06. It was also stipulated that Mr. Wiehe made certain payments on account of said premises to the amount of $16,902.88, and that certain items claimed as credits by the estate were undetermined both as to amount and as being proper credits as follows:

| | | |
|---|---:|---:|
| Taxes for the years 1916 to 1919, inclusive.. | $2,985 | 73 |
| Ten per cent. on gross receipts as per agreement as claimed by the estate................. | 8,276 | 32 |
| Commission on extension of $25,000 mortgage | 1,250 | 00 |
| Paid Mr. Welcher, accountant, for making up account .............................. | 50 | 00 |
| Paid Levinson, Becker, Schwartz & Frank, attorneys' fees on account of Cook county case | 1,000 | 00 |
| Paid F. W. Hall, attorney's fees in same matter | 500 | 00 |

Total ...........................$14,062 05

It is further stipulated that claimant had paid out in connection with the Lorrington Apartments from September 9, 1913, to July 31, 1919, the sum of $38,083.30, which with six per cent. interest to April 14, 1925, made a total of $56,103.13.

Upon the trial, the trial judge by his findings fixed the amount chargeable to Wiehe for rentals and proceeds of sale at $61,759.06 as stipulated, and added to the total

undisputed credits of $16,902.88 the sum of $2,985.73, the taxes from 1916 to 1919, making a total credit of $19,888.61. The county judge also allowed Mr. Wiehe a commission of ten per cent. on the gross receipts, amounting to $8,276.32, $50 paid to the accountant and $1,500 attorneys' fees, and the further sum of $300 paid to one J. C. Mossler. The county judge also found that the balance due from Wiehe and his estate was only $31,744.13, while claimant's claim amounted to $56,103.13, so that Irene Sparling and Jonas O. Hoover had no interest in the matter, and that the balance of $31,744.13 should be paid to the *Edward Hines Lumber Company* with three per cent. interest from June 21, 1924.

After the trial the claimant discovered that the taxes for the years 1918 and 1919, credit for which had been given the estate, had been in fact paid by claimant. The claimant offered in support of such claim details from its books, canceled vouchers, and the record of the county treasurer of Cook county, in which county the land is situated, the affidavit of its attorney, which set forth that the attorney had been in error in stating on the trial that there would be no controversy as to the right of the executrix to credit for the taxes for the years 1916 to 1919, inclusive. The judge found that the taxes had been paid by the *Edward Hines Lumber Company* for the years 1918 and 1919, but appeared to be of the view that it did not appear whether the amount thereof had not been charged to Mr. Wiehe, and held that the company had been negligent and refused to reopen the case. Thereupon proof was offered showing that Mr. Wiehe had not been charged for the taxes for the years 1918 and 1919. The court adhered to its position and denied the petition to reopen the matter.

From the judgment allowing claimant's claim to the amount of $31,744.13 but disallowing the balance, and from the order denying its petition to reopen the case, claimant appeals.

For the appellant there was a brief by *J. C. Davis* of Hayward and *Olin & Butler* of Madison, and a reply brief by *Olin & Butler,* and oral argument by *B. H. Stebbins* of Madison and *H. L. Butler.*

For the respondent there was a brief by *Hall, Baker & Hall* of Madison, attorneys, and a separate brief by *C. A. Lamoreux* of Ashland, of counsel, and oral argument by *Mr. F. W. Hall* and *Mr. Lamoreux.*

The following opinion was filed June 21, 1926:

ROSENBERRY, J.    Claimant's first contention is that the executrix was not entitled to credit for the item of $8,276.32, being a ten per cent. commission on the gross receipts from the Lorrington Apartments.    It appears from the undisputed testimony that Wiehe as director and secretary of the claimant company was in charge of its records, accounts, collections, credits, collecting bad accounts, and payment of taxes in Chicago.    For the performance of his duties he received a salary of $25,000 per year, $18,000 of which was for services as secretary of the *Edward Hines Lumber Company* and the remainder being salary received as one of the trustees of two subsidiary common-law trusts operated in connection with the claimant.    Although he resigned and quit the employment of the company on April 28, 1923, he was paid his full salary for that year.    It further appears that Wiehe had no personal interest in the Sparling account or in the Lorrington Apartments, but that that transaction was handled in the customary way for the benefit of his company.    His right to this commission is based upon the language of the declaration of trust, set out in the statement of facts, in which it is said:

"After paying all charges against said property, including a fee of ten per cent. on all gross amounts collected, to C. F. Wiehe, to pay to *Edward Hines Lumber Company* the sum of $13,640.60, with interest," etc.

The trust was for the benefit of Irene Sparling, the owner.

After the account of the claimant had been paid, any balance was to be paid to her. The ten per cent. was to be paid to C. F. Wiehe, the representative of the claimant, upon an accounting between Wiehe and Irene Sparling. It is indicated in the evidence that the reason the title of the property was taken in the name of Wiehe was that under the laws of the state of Illinois a corporation was permitted to hold property of this kind but a limited time, and that in order to work out the account it was necessary that the legal title be taken in the name of some individual.

We are at a loss to understand upon what basis it can be claimed that an officer of a corporation, acting for it in its corporate capacity as its secretary and agent, should charge the corporation for the performance of services which come within the scope of his authority as agent and officer. An agent, even though he be an officer of the company, cannot deal with his principal's business to his own profit or advantage. *Pederson v. Johnson*, 169 Wis. 320, 172 N. W. 723. All of the funds with which the transaction was carried on were advanced by the claimant except such as were derived from rentals paid to Wiehe in the course of his administration of the trust. If there had been a surplus after the claims were paid in an accounting between Wiehe and Irene Sparling, he would have been entitled to his commission, but when paid to him it would have belonged to his company. The trial court was therefore in error in allowing the executrix credit for the item of $8,276.32.

It is next claimed that the estate was not entitled to credit for attorneys' fees and necessary accountant's charges incurred in the defense of the litigation begun by Irene Sparling with reference to the Lorrington Apartments. The ordinary rule of law is that a trustee is entitled to reimbursement for necessary expenses incurred by him in litigation respecting the subject matter of the trust. The mere fact that the claimant had attorneys and accountants in its

regular employment did not make it necessary for Mr. Wiehe to employ these attorneys in respect to this matter, and no reason appears why this item was not properly allowed.

It does not appear that the $300 item claimed to have been paid by Wiehe to J. C. Mossler on June 11, 1920, was paid to Mr. Mossler by Mr. Wiehe. The burden of proof as to that payment was upon the estate to show that it was paid from Mr. Wiehe's personal funds. That burden was not met and the item should not have been allowed.

It appearing quite conclusively that the taxes for the years 1918 and 1919 were paid by the *Edward Hines Lumber.Company* and not by the deceased, the trial court abused its discretion in refusing, upon the showing made, to open proceedings for further accounting in respect to the taxes allowed as a credit to the estate, although the.claimant had through its attorneys stipulated as to the amount of the taxes.

· The fact that the taxes had been paid by the claimant instead· of by deceased was not discovered until some time later. Rules of procedure are formulated for the purpose of doing justice in an orderly way between parties properly before the court and should not be so applied as to constitute a trap and result in doing a plain injustice. The court ·seemed to be of the opinion that the burden was upon the claimant to establish a negative, that is, that Mr. Wiehe had not paid the taxes. That indicates a mistaken view of the law, and had the court properly appreciated the legal situation no doubt the matter would have been opened and further evidence received.· The action of the court in this respect should be reversed, and a hearing awarded both parties upon the matter of credit for taxes allowed to the estate.

On the sale of the property Wiehe demanded and received $500 in addition to the agreed purchase price on the· ground that he had been compelled to make extra trips to Chicago.

The estate should be charged with the amount and credited with such amount as Wiehe actually and necessarily expended in transacting the trust business.

With respect to the amount claimed to be due to the claimant as assignee of Irene Sparling and Jonas O. Hoover, the evidence is not sufficient to show a breach of trust. The mere fact that after the property had been sold and had been repaired and restored, placed in new hands and under new conditions, it sold for a larger amount than was procured for it on the first sale, is not proof of negligence of the trustee in making the sale, nor is there anything to indicate that the deceased violated his duty as trustee. There is no claim that he profited by the transaction in any way or derived any benefit from the sale or that the sale was made other than in good faith for the best price that the trustee could then obtain. The trial court's determination is in this respect approved.

*By the Court.*—Judgment of the trial court is reversed, with directions to disallow as a credit to the estate the sum of $8,276.32 and the sum of $300, and to reopen the matter of the right of the estate to credit for the taxes for the years 1916 to 1919, inclusive, and for a retrial upon that matter, and the court should order an accounting as indicated as to the $500 item. The action of the court below is in all other respects affirmed.

The following opinion was filed July 1, 1926:

PER CURIAM. Since the mandate in this case was filed, the attention of the court has been called to the fact that the mandate might be construed as affirming the determination of the trial court as to the amount of interest which the claimant is entitled to recover from the estate. It appears that the trustee deposited $31,744.13, the amount admitted to be due the claimant, in the Continental & Com-

mercial National Bank of Chicago, taking therefor a certificate bearing interest at the rate of three per cent. from June 21, 1924, and that the county court directed the amount of the certificate to be paid to the claimant in full satisfaction of the claim.

Upon receipt by the trustee of the amount of the purchase price of the property held by him, it was his duty to account therefor to the claimant, and he is chargeable with interest from that date, November 27, 1923. 1 Perry, Trusts, § 468, and cases cited.

The mandate is therefore amended to read as follows:

*By the Court.*—Judgment is reversed, with directions to disallow as a credit to the estate the sum of $8,276.32 and the sum of $300, and to reopen the matter of the right of the estate to credit for taxes for the years 1916 to 1919, inclusive, and for a retrial upon that matter, and the court should order an accounting as indicated as to the $500 item; claimant to recover interest on amounts found due from November 27, 1923, at the legal rate. The action of the court below is in all other respects affirmed.